THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALE SUNTER, Appellant. [868 NYS2d 194]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court only permitted the prosecutor to elicit two car theft convictions, which were highly probative of defendant's credibility and neither unduly prejudicial nor excessively stale.

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's summation. There was nothing in the summation that deprived defendant of a fair trial. The challenged remarks generally constituted fair comment on the evidence and reasonable inferences to be drawn therefrom, and were responsive to defense arguments (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The case turned on credibility, and the prosecutor did not shift the burden of proof by pointing out logical gaps in defendant's testimony and in defense counsel's arguments. The court properly instructed the jury as to the burden of proof, and the jury could not have been misled in that regard, even though some of the prosecutor's phrasing should have been avoided.

With respect to defendant's pro se arguments, his claim that the court should have instructed the jury on justification is meritless, his ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record, and his remaining claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.